WHITE, Judge.
Appellants James W. Riehl and wife were plaintiffs below in an ex contractu action for damages. They have appealed an order which dismissed their complaint with prejudice.
The plaintiffs in November, 1957 contracted to sell certain real property to the defendant-appellees under an agreement for deed for a total consideration of $21,-500.00. The agreement contained the conventional forfeiture clause with respect to all payments previously made by the purchasers in the event of their default. An agreed down payment of $1,000.00 was deferred until February 15, 1958 but monthly payments of $150.00 per month with interest began as of December 15, 1957 and were to continue monthly thereafter until full payment was made.
The defendant-purchasers vacated the premises after a brief occupancy and declined to make any payments after January 15, 1958, including the $1,000.00 “down payment” due February 15, 1958. For the apparent purpose of relieving themselves from further liability as purchasers, if not also for the convenience of the plaintiffs, the defendants voluntarily executed and recorded a quitclaim deed conveying the subject property back to the plaintiffs. The plaintiffs made no demand nor did they give permission for the execution and recording of the said quitclaim deed. However, they thereafter re-entered the property and, without instituting suit or giving advance notice to the defendants, privately resold the property on the open market for $18,425.00 net. The plaintiffs allege that in the foregoing process they lost $3,075.00 as a result of the defendants’ breach of contract. The plaintiffs accordingly demanded damages of the defend *762 ants in the sum aforesaid plus taxes and the cost of insurance that the defendants had agreed to pay.
In granting the defendants’ motion to dismiss with prejudice, the trial .court expressly bottomed its decision on Vance v. Roberts, 1928, 96 Fla. 379, 118 So. 205, hereinafter discussed. It is urged on appeal that the order of dismissal was error inasmuch as the plaintiffs were entitled to ignore the forfeiture provision and sue in the alternative for actual damages; that the forfeiture clause was not a totally restrictive or mandatory provision for liquidated damages but an optional “penalty” provision which could be waived, leaving the plaintiffs free to sue for full compensatory damages. Assuming the validity of the point as an abstract proposition of law, the question before us is whether or not in the circumstances of this case the plaintiffs are entitled to maintain their action for damages over and above the amounts actually paid by the defendants.
The Vance case, cited in the trial court’s order, was a suit for specific performance by a purchaser under an agreement for deed. The agreement contained a forfeiture clause similar to that in the instant case. In holding that the purchaser could maintain his suit for specific performance, the court found that there was no lack of mutuality of obligation even though the seller, in the event of default by the purchaser, “may be confined to liquidated damages.” Although the italicized dicta may tend to support the concept underlying the trial court’s order in the present case, it does not state the current law of Florida as applied to forfeiture clauses which do not expressly limit the seller to liquidated damages.
Chace v. Johnson, 1929, 98 Fla. 118, 123 So. 519 sets forth what appears to be the prevailing judicial interpretation of the customary liquidated damages clause in agreements for deed. In that case the purchaser under a contract for sale failed to pay installments when due and the seller proceeded to sue for full damages according to the tenor of the defendant’s agreement. The purchaser contended that the seller’s only remedy was under the liquidated damages clause in the contract-This was likewise the view of the trial court, but the Supreme Court of Florida reversed stating:
“The provision in the contract under consideration relating to the liquidated damages does not specify what sum shall be so regarded in the event of a breach of its terms by the vendee but provides for an increasing penalty in inverse ratio to the purchaser’s performance of the contract’s terms. The less he performs the less he forfeits, but the nearer he comes to a complete fulfillment of the agreements, on his part to be performed without completing them the greater sum he forfeits to the vendor.
“The clause we think merely secured to the vendor an option to rescind the agreement and take what damage he actually sustained or waive the privilege and bring action upon the unqualified agreement of the purchaser to pay.” (emphasis added)
We have examined a certified copy of the “contract of sale” in the Chace case for comparison with the “agreement for deed” in this case. The defendants submit that the two contracts are materially different in that the Chace contract was a definite contract by the seller to sell and the buyer to buy whereas the instant agreement was a conditional contract. We perceive no such material distinction. A reading of both contracts discloses that they are essentially the same type and do not necessarily invoke distinctive remedies in case of breach.
Thus a seller ordinarily may waive the forfeiture clause and proceed against the defaulting purchaser on his contractual undertaking. We are of the opinion, however, that the latter remedy is *763 not available to the plaintiffs on the record of this case. The defendants here executed and recorded a quitclaim deed conveying the subject property back to the plaintiffs. The critical point was when the plaintiffs became aware of this recorded quitclaim deed. This awareness called for an election either to refuse the benefits of the tendered deed or to accept it in full satisfaction of the contract along with the forfeited payments.
The filing and recording of a deed is prima facie evidence of its delivery, but it is a rebuttable presumption. Smith v. Owens, 1926, 91 Fla. 995, 108 So. 891; 10 Fla.Jur., Deeds, § 98. A deed cannot operate to impose a special obligation on the grantee or to release the grantor from a debt due the grantee unless and until the latter accepts the grant. 16 Am.Jur., Deeds, § 153. Acceptance of a deed, however, may be inferred from such conduct as retaining possession of the deed, conveying the property, or otherwise exercising the rights of an owner. 16 Am.Jur., Deeds, § 154. Express assent on the part of the grantee is not necessary. 10 Fla. Jur., Deeds, § 104. Assent and ratification of acceptance may be inferred from conduct. Failure to renounce the deed after knowledge of its existence is sufficient to show acceptance. 16 Am.Jur., Deeds, § 159.
We think in the instant case the plaintiffs were put to an election at the time the recorded deed came to their attention. Their failure to notify the defendants within a reasonable time that they were not accepting the deed in full satisfaction of the contract is significant. In order to avail themselves of the rule in the Chace case, supra, they should have given notice and specified their intention to hold the defendants to the terms of the contract. Instead they accepted delivery by going into possession and making an ex parte resale of the property — acts of unqualified ownership. If the plaintiffs’ theory were to be sanctioned, this would have the effect of foreclosing the defendants without due process of law. We hold that the plaintiffs in this case, having accepted the benefits of the deed, are estopped to hold the defendants to full performance of the contract.
Finding no reversible error, we conclude that the order appealed should remain undisturbed.
Affirmed.
ALLEN, Acting C. J., and MAXWELL, OLIVER, Associate Judge, concur.